*1140 On Application por Rehearing.
Tlie opinion of tlie Court was delivered by
Todd, J.
A careful examination of tlie authorities bearing on this point, satisfies us that we erred in our previous decree, dismissing the appeal for want of jurisdiction.
By Article 81 of the Constitution, this Court has jurisdiction “when the matter in dispute, or the fund to be distributed, whatever may be the amount therein claimed, shall exceed $1,000, exclusive of interest.”
That part of the Article relating to the “ fund to bo distributed,” was formulated, to correspond with the jurisprudence on the subject, settled by a long line of decisions of this Court. Those decisions we have diligently reviewed, and find that the question of jurisdiction on this point, in such cases, is controlled by the amount of the fund to be distributed; that this constitutes the object of dispute;, that if the entire fund is claimed by one party, and that fund exceeds the amount required to give jurisdiction, that the jurisdiction vests, though only a part of that fund is claimed by the other party and that part is below the amount which, under other conditions, is necessary to give jurisdiction. In such a contest, it is considered that a question has arisen that involves the distribution of the entire fund, one side demanding the whole of it, and the other denying such right, leaving for decision how the fund is to be divided or how disposed of. The decisions are uniform in support of this view. 8 L. 167; II L. 462; 2 An. 190; 29 An. 327 ; 30 An. 625; 31 An. 453.
In a recent case decided by us, Succession of Duran, not yet reported, the majority of the Court did not think that the decisions above cited .were applicable to that case, inasmuch as by the effect of a prior judgment, not appealed from, homologating tiie account and ordering the distribution of the fund wherein not opposed, the dispute had been restricted to a sum remaining much below the appealable amount.
Our previous decree, dismissing the appeal, should, therefore, be set aside.
Tlie Chief Justice adheres to the original opinion dismissing the appeal.
On the Merits.
The opinion of the Court was delivered by
Todd, J.
The plaintiff brought a suit to cause to be annulled a tax sale of a plantation belonging to the succession of Leroy A. Stafford, and to have his mortgage recognized and made executory against the property.
The defendants in that suit were the executor of the estate, G-. W. *1141 Stafford, the widow of the deceased, Mrs. S. C. Stafford, the purchaser of the land’at the tax sale, and several of her vendees 8f portions of the land sold by her after her purchase.
The tax sale in question was sought to be annulled, on the ground of fraud and certain illegalities in the proceedings. There was judgment annulling the sale and recognizing the mortgage of the plaintiff, and ordering the sale of the property to pay it. The property was sold and bought in by the idaintiff, Henry Bensliaw, the mortgage creditor.
The defendants in the suit of nullity referred to, and to subject the property embraced in it to the payment of Renshaw’s mortgage, were represented by R. P. Hunter, Esq., attorney-at-law. After judgment ivas rendered in the case, and pending proceedings for the sale of the property mortgaged, Mr. Hunter, by third opposition, claimed a superior privilege on the proceeds of the sale, over the mortgage creditor, for one thousand dollars, being the amount of his fee for defending the suit in question. Prom a judgment in his favor for $350, this appeal was taken.
The plaintiff resists the claim of the opponent mainly upon the ground that the services rendered by him were not for the benefit of the succession, but opposed to its interest. The object of the suit, as stated, was to annul a fraudulent and illegal tax sale, by means of which the succession had been stripped of almost its entire property. This attempt of a creditor to bring back the property into the succession and make it liable for his debt, was resisted by the executor of the estate and the purchaser at the tax sale, and others, to whom she had sold. In their resistance to this demand of Renshaw, the defendants were assisted and represented therein by the present opponent. It would naturally strike one, from this statement of the case, that the professional services of the opponent, rendered under such circumstances and upon such issues, were not for the advantage of the succession against which he now prefers the charge for his said services, but were really opposed to the succession, as they were in resistance to the effort to bring back the property illegally disposed of, to pay a debt of the succession. Por such services, those who were opposing this attempt, were justly chargeable and should pay. It is true that in that suit prescription was pleaded against the creditor’s demand, and was overruled. Conceding that this feature of the defense was intended for the benefit and protection of the succession, when we consider that it was doubtless interposed also for the protection of the illegal salej and for the benefit and at tlics instance of those interested to maintain it, and considering the entire character of the action and the defense thereto, we cannot conclude that the opponent is entitled to a judgment against the succession, and a preference on the fund in question for any *1142 amount. Should the plea of prescription .be regarded as made for the sole benefit of the succession, yet the evidence does not enable us to separate this part of the defense from the rest, and make a separate valuation of the opponent’s services exclusively on this point. For these reasons, we think the claim of the opponent should have been rejected.
This being the first decision on the merits, the opponent is not precluded from applying for a rehearing.
It is, therefore, ordered, adjudged and decreed, that our previous decree dismissing the appeal be set aside, and it is now further ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed, and that the demand of R. P. Hunter, opponent, be dismissed, at his costs in both Courts.
Rehearing refused.